## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**GARRETT YOUNG,**

      **Petitioner,**

**v.**                              **Case No. 4:20cv576-MW/MAF**

**LEON COUNTY DETENTION
FACILITY,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about December 14, 2020, Petitioner Garrett Young, a state detainee at the Leon County Detention Facility, filed a pro se petition for writ of habeas corpus.   ECF No. 1.   After direction from this Court, *see* ECF No. 3, Young filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the appropriate form.   ECF No. 4 at 2; *see id*. at 3.   He later filed a second amended petition with attachments.   ECF No. 10.

On March 25, 2021, Respondent filed a Motion to Dismiss Second Amended Petition.   ECF No. 16.   Respondent explains the background, the allegations in the petition, and argues "Petitioner's principal argument [that he is not subject to laws] has no basis in law and he has not alleged that he is being held in custody, even pre-trial, in violation of the Constitution, laws or treaties of the United States."   *Id*. at 15.   Respondent also argues

Petitioner has not exhausted his available state court remedies.   *Id*. at 15-16.   Respondent cites <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and asserts the abstention doctrine applies here.   ECF No. 16 at 16-20.

Petitioner Young has not filed a reply, although he did submit, on or about April 5, 2021, a document containing statements similar to those presented in the attachments to his petition.   ECF No. 17.   The Clerk's Office docketed this filing as a Writ for Relief Communication/Medical, *see id*., and this Court will consider it as a reply to Respondent's motion.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined Respondent's motion should be granted and the federal habeas petition should be dismissed.

## <u>Background and Procedural History</u>

In his second amended petition, Young, confined at the Leon County Detention Center, indicates this case concerns "no trial, no jurisdiction hearing" in state court case number 2015CF729A.   ECF No. 10 at 3; *see id*. at 4.   He states, "I am a state citizen."   *Id*. at 4.   Other than those statements, as Respondent indicates, "it is difficult to clarify with precision

what Petitioner is alleging," ECF No. 16 at 4, as the attachments to his petition contain various rambling complaints.   *See id*. at 7-15; *see* ECF No. 16 at 4-12.   He does not list anything in the section of the petition for requested relief.   *See* ECF No. 10 at 6.

Respondent explains that Young "is being held without bond, but he also is in custody pursuant to the 2015 judgment [in Leon County Circuit Court case number 2015-CF-729], which placed him on probation."   ECF No. 16 at 12.   Respondent also explains that Young was arrested on September 21, 2020, following an affidavit filed by his probation officer alleging Young had violated the terms of his probation.   ECF No. 16 at 3-4; *see id*. Exs. 9, 10.   Young was serving a term of ten (10) years' probation imposed after he entered a nolo contendere plea to the charges in case number 2015-CF-729.   *See id*. Exs. 5, 6, 7.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.   Federal habeas relief may only be granted if remedies have been exhausted.   *See* 28 U.S.C. § 2254(b).   A petitioner has not exhausted remedies if he still has the right

to raise the issue in state court.    *See id.*; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839 (1999).    To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."    <u>Boerckel</u>, 526 U.S. at 845.    It does not appear from the filings in this case that Young has exhausted his state court remedies.    *See* ECF No. 16 at 15.

Further, because proceedings are evidently still pending in state court, the federal abstention doctrine precludes interference in those proceedings. *Cf.* <u>Braden v. 30th Judicial Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973) (addressing claim raised in § 2241 petition only after concluding petitioner, a state pretrial detainee, had exhausted all available state court remedies for consideration of constitutional claim).    *See also, e.g.*, <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining "[s]tate pretrial detention . . . might violate the Constitution or the laws or treaties of the United States" and "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only" because pre-trial detainee would not be "in custody pursuant to the judgment of a State court").    "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must

satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief."   Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004).   In Younger, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."   New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64.   Federal courts consistently abstain from enjoining state criminal prosecutions unless a limited exception applies:   (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no adequate alterative state form exists in which to raise the constitutional issues. Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception appears applicable to this federal habeas petition.   Young does not make a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur.   *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative

of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).    Further, Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings.    Accordingly, this Court should abstain from reaching his claims at this point.    *See, e.g.*, <u>Turner v. Morgan</u>, No. 3:12cv188-MCR/CJK, ECF No. 3, 2012 WL 2003835 at *3 (N.D. Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pretrial detainee), adopted by order of district judge, ECF No. 4 (June 4, 2012).

## **Conclusion and Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED** and the second amended petition for writ of habeas corpus (ECF No. 10) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 17, 2021.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.